IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DITECH COMMUNICATIONS CORP. SECURITIES LITIGATION | No. C 05-02406 JSW |
| This Document Relates To:<br><br>ALL ACTIONS. | **ORDER APPOINTING THE CASEY GROUP AS LEAD PLAINTIFF AND APPROVING THEIR SELECTION OF LEAD AND LIAISON COUNSEL** |

Now before the Court is the motion of plaintiffs Jack Casey, Tonio Dahmen, George Innocenti, Shengli Duan, and Norbert P. Czub (collectively, the "Casey Group") for Appointment of Lead Plaintiff pursuant to section 21D(a)(3)(B) of the Securities Exchange Act of 1934 and for Approval of the Casey Group's Selection of Counsel. This motion is unopposed. The Court finds this motion suitable for disposition without oral argument. Civil L. R. 7-6. Having carefully reviewed the Casey Group's papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS the their motion.

## ANALYSIS

**A.    Lead Plaintiff**

The selection of lead plaintiff and approval of lead counsel must comply with the requirements of the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4 ("PSLRA" or the "Act"). The Act provides that "the court shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately

representing the interests of the class members." 15 U.S.C. § 78u-4(a)(3)(B)(I). The "'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of [Federal Rule of Civil Procedure] 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). The statute, therefore, imposes a rebuttable presumption that the most capable plaintiff is the class member with the largest financial interest in the relief sought by the class. *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 584 (N.D. Cal. 1999). Once such a plaintiff is identified, Rule 23(a) requires that the plaintiff must assert claims or defenses that are typical of the claims or defenses of the class and the court must find that the representative parties will fairly and adequately protect the interests of the class. *In re Cavanaugh*, 306 F.3d at 730 n.5 (citing Fed. R. Civ. P. 23(a)). This analysis need only be preliminary at this stage in the proceedings and need not be as searching as the one triggered by a motion for class certification. *Cf. In re Microstrategy Inc. Securities Litigation*, 110 F. Supp. 2d 427, 435 (E.D. Va. 2000).

At this stage of the litigation, the individuals in the Casey Group are the only class members to appear and come forward requesting Lead Plaintiff status.[1] Based upon a review of the record, the Court determines that the class members in the Casey Group are the "most adequate plaintiff[s]" pursuant to section 21D(a)(3)(B) of the Securities Exchange Act of 1934 appoints the Casey Group as the Lead Plaintiffs in this Action.

**B.   Lead Counsel**

The PSLRA provides that once the most adequate plaintiff is selected, the "most adequate plaintiff shall, subject to approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 784-u(a)(3)(B)(v). The decision to approve counsel selected by the lead plaintiff is a matter within the discretion of the district court. *See Wenderhold*, 188 F.R.D. at 587 (holding that the court "is charged with ensuring that the class receives quality representation at a fair price and cannot, therefore, simply defer to lead plaintiff's choice of counsel); *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071-72 (C.D. Cal. 1999)

---

[1] Young Kim had also filed a motion to be appointed lead plaintiff, but subsequently withdrew his motion.

(holding that the legislative history of the PSLRA reveals that Congress vested the district courts with the authority to appoint lead counsel); *see also Vincelli v. National Home Health Care Corp.*, 112 F. Supp. 2d 1309, 1315 (M.D. Fla. 2000) (stating that, in the exercise of its discretion regarding approval of lead counsel, the court must inquire about the "appropriateness of the appointment of more than one law firm").

The Casey Group has selected and retained the law firm of Milberg Weiss Bershad & Schulman LLP ("Milberg Weiss") as lead counsel. The Casey Group has represented that Milberg Weiss is well qualified to represent the class. (*See* Declaration of Elizabeth P. Lin, Ex. D attaching firm resume.) The Court approves the Casey Group's retention of Milberg Weiss and appoints them as Lead Counsel for the plaintiff class.

Lead Plaintiff's Counsel shall have authority to speak for, and enter into agreements on behalf of, plaintiffs in all matters regarding pretrial procedures, discovery and settlement negotiations. Lead Plaintiff's counsel shall manage the prosecution of this litigation to avoid duplicative or unproductive activities. Defendants' counsel may rely upon agreements made with Lead Plaintiff's Counsel, and all such agreements shall be binding on all plaintiffs. Lead Plaintiff's Counsel additionally shall be responsible for coordination of all activities and appearances on behalf of plaintiffs and for dissemination of notices and orders, and shall be responsible for communications with the Court. Finally, Lead Plaintiff's Counsel shall maintain a master service list of all parties and counsel.

**C.    Pleadings and Motions**

If related actions are subsequently filed in or transferred to this District, Defendants are not required to respond to the complaint in any action consolidated into this action, other than a consolidated complaint or a complaint designated as the operative complaint. Lead Plaintiff shall designate the instant Complaint as the operative complaint or file an amended complaint within thirty (30) days after the filing of the instant Order, unless otherwise agreed upon by the parties. Defendants shall respond to the operative complaint within thirty days after designation or service, unless otherwise agreed upon by the parties. If Defendants file any motions directed at the consolidated complaint, the opposition and reply briefs shall be filed within thirty days

and fifteen days, respectively, of that response, unless otherwise agreed upon by the parties. Defendants shall take this modified briefing schedule into consideration when noticing any motions for hearing on this Court's calendar. The parties shall serve all papers on each other by hand, by overnight delivery, or (by prior agreement) by facsimile, unless otherwise agreed upon by the parties. Counsel for the parties shall notify their clients of their document preservation obligations pursuant to the federal securities laws and the Local Rules.

Any counsel of record for a party in this action who is not a member of the Bar of this District shall apply to appear *pro hac vice* in accordance with the Civil Local Rule 11-3.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the motion of the Casey Group for appointment of lead plaintiff and approval of their selection of counsel.

**IT IS SO ORDERED.**

Dated: December 19, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE