IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DITECH COMMUNICATIONS CORP. SECURITIES LITIGATION | No. C 05-02406 JSW |
| This Document Relates To:<br>ALL ACTIONS. | **NOTICE OF QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON SEPTEMBER 7, 2007:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *C.f.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties shall each have 25 minutes to address the following questions:

(1) In paragraphs 31, 32, 40, 41, 46, 55, 56, of their Third Amended Class Action Complaint ("TCAC"), Plaintiffs quote paragraphs from documents but then bold certain portions of these paragraphs. Exactly what statements do Plaintiffs contend were false or misleading?

(2) According to Confidential Witness 1, Plaintiffs allege that information regarding the letter of credit with the largest Asian customer was revealed during quarterly meetings.

    (a) On what date did the quarterly meetings alleged in paragraph 48 of the TCAC occur?

    (b) Specifically what information regarding the letter of credit was provided at each of these meetings?

    (c) Were Confidential Witness 1, Montgomery, and Tamblyn present at each of these meetings?

    (d) Did Confidential Witness 1 obtain information about the letter of credit from any other source? If so, from what source and what information and when did Confidential Witness 1 obtain such information?

(3) What facts support Plaintiffs' allegation in paragraph 47 of their TCAC that "no dates had ever been 'confirmed,'" contrary to Montgomery's statement made on November 3, 2004?

(4) If the letter of credit had expired and had not yet been renewed when Montgomery said "the new shipping schedule had been reconfirmed," assuming Montgomery knew of such information as of November 3, 2004, on what basis do Defendants contend that such statement was not false or misleading?

(5) The Supreme Court recently clarified the standard for determining whether a complaint sufficiently alleges facts that give rise to a strong inference of scienter. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499, 2510 (2007) ("To determine whether the plaintiff has alleged facts that give rise to the requisite "strong inference" of scienter, a court must consider plausible nonculpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff."). If the Court determines that Montgomery's statement that "the new shipping schedule had been reconfirmed" was false when made because the letter of credit had expired and had not yet been renewed as of November 3, 2004, what, if any, do Defendants contend are the plausible nonculpable explanations for such statement?

(6) On what date did Confidential Witness 1 stop working for Ditech?

(7) On what dates did Confidential Witness 7 start and stop working for Ditech?

2

(8)  On what dates did Confidential Witness 8 start and stop working for Ditech? Did Confidential Witness 8 leave for vacation for over a month shortly after starting work? If so, on what dates was Confidential Witness 8 away from work and on vacation?

(9)  Based on what authority do Defendants contend that the following statements alleged in the TCAC are forward looking?

    (a)  "Ditech ... today announced that it has secured orders to deploy its [VQA] with two new customers in Asia." (TAC, ¶ 31.)

    (b)  "Due to management changes within the largest of these firms, subsequent to our booking the order, the delivery schedule changed." (TAC, ¶ 41.)

    (c)  "The customer has now reconfirmed the new shipping schedule ... ." (TAC, ¶ 41.)

    (d)  "The order however, remains valid ... . (TAC, ¶ 46.)

(10)  Assuming *arguendo*, that Defendants did not make any statements that were false when made, what authority, if any, supports Plaintiff's position that Defendants had a duty to update information provided in light of subsequent events?

(11)  Do Plaintiffs have any more facts which they could plead to demonstrate their alleged statements were false or misleading? If so, do Plaintiffs have good cause for not alleging such facts earlier?

(12)  Do the parties have anything further to add?

Dated: September 6, 2007

                                             JEFFREY S. WHITE
                                             UNITED STATES DISTRICT JUDGE

3